# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JAMES RAGLAND,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 4:09-CV-1317-VEH |
| ] | |
| **CMC IMPACT METALS and** ] | |
| **STACEY GERARD,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

The court has before it the Motion to Dismiss Counts VII-IX (Doc. 8) filed by Defendant CMC Impact Metals ("CMC") on August 17, 2009, and the Motion to Dismiss Count I (Doc. 9) filed by Defendant Stacey Gerard ("Gerard") on that same date.  Plaintiff James Ragland ("Ragland") filed his combined response (Doc. 13) to both motions on September 14, 2009.  CMC filed its reply (Doc. 14) on September 17, 2009.

For the reasons explained below, Gerard's Motion to Dismiss is **GRANTED** as unopposed.  CMC's Motion to Dismiss is **GRANTED** with leave for Plaintiff to replead the dismissed claims.

**II.     STANDARD**

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (footnote omitted), *as abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 54 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court

2

should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims" . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III.   ANALYSIS

#### A.   Gerard's Motion to Dismiss

In responding to Gerard's Motion to Dismiss, Ragland "stipulates that [he] is only alleging Title VII violations against Defendant CMC." (Doc. 13 at 2). Accordingly, Gerard's Motion to Dismiss is **GRANTED** as unopposed and, to the extent that Ragland has asserted any Title VII claims against Gerard, they are **DISMISSED WITH PREJUDICE**.

#### B.   CMC's Motion to Dismiss

CMC's Motion to Dismiss seeks to dismiss Ragland's Title VII race discrimination claim (Count VII), his Title VII retaliation claim (Count VIII), and his

42 U.S.C. § 1981 race discrimination and harassment claim (Count IX) on the basis of Rule 12(b)(6). As primary support, CMC cites to *Iqbal* as "an instructive example of inadequate pleading in a discrimination case." (Doc. 14 at 2).

### 1. Title VII/Section 1981 Pleading Requirements

In opposition to CMC's Motion to Dismiss, Ragland relies heavily upon *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). In *Sorema*, the Supreme Court established that the 12(b)(6) pleading standard for Title VII claims is not the equivalent of establishing a *prima facie* case under the *McDonnell Douglas* framework. *Id.* at 510 ("The *prima facie* case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement.").

However, a significant question exists over the ongoing viability of *Sorema*, in light of *Iqbal*, as it squarely addresses the issue of sufficiently pleading claims of constitutional discrimination in light of *Twombly*'s two-step plausibility standard. 129 S. Ct. at 1947 ("Here too we begin by taking note of the elements a plaintiff must plead to state a claim of unconstitutional discrimination against officials entitled to assert the defense of qualified immunity."); *id.* at 1951 ("Taken as true, these allegations are consistent with petitioners' purposefully designating detainees 'of high interest' because of their race, religion, or national origin.").

*Iqbal* also clarifies that the scope of *Twombly*'s plausibility pleading standard

reaches well beyond the antitrust area:

> Respondent first says that our decision in *Twombly* should be limited to pleadings made in the context of an antitrust dispute. Iqbal Brief 37-38. This argument is not supported by *Twombly* and is incompatible with the Federal Rules of Civil Procedure. Though *Twombly* determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8. 550 U.S., at 554, 127 S. Ct. 1955. That Rule in turn governs the pleading standard "in all civil actions and proceedings in the United States district courts." Fed. Rule Civ. Proc. 1. <u>Our decision in *Twombly* expounded the pleading standard for "all civil actions," ibid., and it applies to antitrust and discrimination suits alike</u>. *See* 550 U.S., at 555-556, and n.3, 127 S. Ct. 1955.

*Iqbal*, 129 S. Ct. at 1953 (emphasis added).

While *Iqbal* does not refer to - much less discuss - *Sorema*, at least one court has recognized that *Iqbal* implicitly partially overrules or at least brings *Sorema* into doubt. For example, as the Third Circuit recently wrote:

> Inasmuch as this is an employment discrimination case, we asked the parties to comment on the continued viability of the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). In *Swierkiewicz*, the Supreme Court held that a complaint alleging unlawful employment discrimination did not have to satisfy a heightened pleading requirement. The complaint in that case was said to be sufficient because it "detailed the events leading to [the plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." 534 U.S. at 514, 122 S. Ct. 992. The Supreme Court in *Swierkiewicz* expressly adhered to *Conley*'s then-prevailing "no set of facts" standard and held that the complaint did not have to satisfy a heightened standard of pleading. *Id. Swierkiewicz* and *Iqbal* both dealt with the question of what sort of factual allegations of

5

discrimination suffice for a civil lawsuit to survive a motion to dismiss, but *Swierkiewicz* is based, in part, on *Conley*, which the Supreme Court cited for the proposition that Rule 8 "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." 534 U.S. at 512, 122 S. Ct. 992. We have to conclude, therefore, that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*.

*Fowler v. UPMC Shadyside*, No. 07-4285, ___ F.3d ___, 2009 WL 2501662, at *5 (3d Cir. Aug. 18, 2009) (emphasis added); *see also Aztec Energy Partners, Inc. v. Sensor Switch, Inc.*, 531 F. Supp. 2d 226 (D. Conn. 2007) ("However, the long-standing principle recently restated in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), that a court should not dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief,' is no longer the appropriate standard.") (emphasis added) (citing *Twombly*, 127 S. Ct. at 1964).[1]

---

[1] Based upon this court's independent research, the Eleventh Circuit has yet to address the post-*Twombly* and *Iqbal* impact upon *Sorema* in a reported decision. However, it is worth noting that, in *Danley v. Allen*, 540 F.3d 1298, 1313 (11th Cir. 2008), the Eleventh Circuit did refuse to extend the *Sorema* pleading standard to § 1983 cases. ("However, the Court did not address in *Leatherman*, *Crawford-El*, or *Swierkiewicz* the pleading standard for § 1983 cases against officials who are able to assert qualified immunity as a defense."); *Danley*, 540 F.3d at 1313-14 ("We have continued to apply the heightened pleading requirement in this type of case since those three Supreme Court opinions were issued[.]") (citations omitted).

At the same time, however, *Twombly* goes to great lengths to show that its plausibility standard is not inconsistent with the Court's prior holding in *Sorema*:

> Plaintiffs say that our analysis runs counter to <u>*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), which held that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*</u>, 411 U.S. 792[, 93 S. Ct. 1817, 36 L. Ed. 2d 668] (1973)." They argue that just as the *prima facie* case is a "flexible evidentiary standard" that "should not be transposed into a rigid pleading standard for discrimination cases," *Swierkiewicz*, *supra*, at 512, 122 S. Ct. 992, "transpos[ing] 'plus factor' summary judgment analysis woodenly into a rigid Rule 12(b)(6) pleading standard . . . would be unwise," Brief for Respondents 39.  As the District Court correctly understood, however, "*Swierkiewicz* did not change the law of pleading, but simply re-emphasized . . . that the Second Circuit's use of a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements." 313 F. Supp. 2d, at 181 (citation and footnote omitted).  Even though Swierkiewicz's pleadings "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination," the Court of Appeals dismissed his complaint for failing to allege certain additional facts that Swierkiewicz would need at the trial stage to support his claim in the absence of direct evidence of discrimination. *Swierkiewicz*, 534 U.S., at 514, 122 S. Ct. 992. <u>We reversed on the ground that the Court of Appeals had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege "specific facts" beyond those necessary to state his claim and the grounds showing entitlement to relief</u>. *Id.*, at 508, 122 S. Ct. 992.
>
> <u>Here, in contrast, we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face</u>. Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be

dismissed.

*Twombly*, 550 U.S. at 569-570 (emphasis added).

### 2. Application

Based upon the foregoing, this court has some uncertainty about how to practically apply the plausibility pleading standard announced in *Twombly* and specifically extended in *Iqbal* to discrimination claims without running afoul of the holding in *Sorema*. In light of this doubt and in the absence of an express overruling of *Sorema* by the United States Supreme Court or a controlling decision by the Eleventh Circuit explaining the effect of *Twombly* and/or *Iqbal* on *Sorema*'s holding, CMC's Motion to Dismiss is **GRANTED**, and Counts VII, VIII, and IX are **HEREBY DISMISSED** with leave for Plaintiff to replead, within 30 days of the entry date of this order, the dismissed claims in an amended complaint consistent with the plausibility pleading requirements announced in *Twombly* and applied in *Iqbal* to discrimination claims.

If Plaintiff elects to file an amended pleading, the court cautions that his counsel should also avoid any aspects of shotgun pleading, which deficiencies the current complaint contains. *See, e.g., Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008) ("The complaint is a model 'shotgun' pleading of the sort this court has been roundly, repeatedly, and consistently condemning for years,

long before this lawsuit was filed.") (footnote omitted); *id.* at 980-81 ("No competent lawyer-whether skilled in Title VII litigation or not-could compose an answer to these sweeping and multifaceted acts of discrimination that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b).") (footnotes omitted).

By way of example, the court points out that Count IX of the current complaint is entitled "<u>RACIAL DISCRIMINATION AND HARASSMENT</u>" under 42 U.S.C. § 1981 and appears to possibly assert a separate claim of race discrimination in addition to that of racial harassment. (*See, e.g.*, Doc. 1 at 19; *id.* ¶ 103). The allegations of this same count also confusingly reference "unfair and discriminatory treatment, resulting in adverse employment actions to the Plaintiff, including termination" as well as retaliation. (*See, e.g., id.* ¶ 102). The Eleventh Circuit has specifically instructed district courts not to let such an ambiguously worded and lumpily drafted complaint remain pending <u>even if unchallenged by a defendant</u>: "In light of defense counsel's failure to request a repleader, 'the court, acting sua sponte, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement.'" *Davis*, 516 F.3d at 984 (citation omitted). <u>Accordingly, any new complaint filed must adequately identify and factually describe each one of Plaintiff's claims in a separately numbered</u>

count.[2]

## III. CONCLUSION

Accordingly, for the reasons stated above, Gerard's Motion to Dismiss is **GRANTED** as unopposed, and CMC's Motion to Dismiss **GRANTED** with leave for Plaintiff to replead the dismissed claims as part of an amended complaint consistent with the requirements set forth above within 30 days from the entry date of this order.

**DONE** and **ORDERED** this the 24th day of September, 2009.

                                                                                                 _____
                                                                                                 **VIRGINIA EMERSON HOPKINS**
                                                                                                 United States District Judge

---

[2] As such, the shotgun nature of Ragland's complaint provides this court with an alternative basis to grant CMC's Motion to Dismiss without prejudice to a right to replead.